**In re James Wesley WHITEHURST, Debtor.**

**Arthur G. LEONHARDT, Plaintiff,**

v.

**James Wesley WHITEHURST, Defendant.**

**Bankruptcy No. 80–847–ORL–BK–GP. Adv. No. 81–16.**

United States Bankruptcy Court, M. D. Florida, Orlando Division.

April 3, 1981.

230

Arthur G. Leonhardt, Jr., Orlando, Fla., for plaintiff.

Michael Price, Orlando, Fla., for defendant.

### MEMORANDUM DECISION AND FINAL JUDGMENT

GEORGE L. PROCTOR, Bankruptcy Judge.

Plaintiff has brought this action seeking an exception to discharge for the sums awarded him as attorney's fees arising out of his representation of the debtor's ex-wife in a dissolution of marriage proceeding.

In a Final Judgment of Dissolution of Marriage entered on July 28, 1980, defendant was ordered to pay the plaintiff $500. Plaintiff alleges that this obligation is in the nature of alimony and, hence, excepted from discharge in bankruptcy. The defendant responds that the debt is not "to a spouse, former spouse, or child of the debtor" within the meaning of 11 U.S.C. § 523(a)(5).

A number of bankruptcy courts have considered this question, and the emerging "majority rule" appears to be that an obligation to pay the attorney's fees of an ex-spouse is so tied in with the obligation of support as to be in the nature of support or alimony and excepted from discharge. *See, e. g., In re Knabe (Bennett v. Knabe),* 8 B.R. 53, 7 B.C.D. 185 (Bkrtcy. S.D. Ind. 1980); *In re Evans (Fisher v. Evans),* 2 B.R. 85 (Bkrtcy. W.D. Mo. 1979); *In re Smith (Mahoney v. Smith),* 3 B.R. 224 (Bkrtcy. E.D. Va. 1980); *In re Dorman (Dorman v. Dorman),* 3 C.B.C.2d 497 (Bkrtcy. D. N.J. 1981); *In re Bell (Bell v. Bell),* 5 B.R. 653, 2 C.B.C.2d 916 (Bkrtcy. W.D. Okl. 1980).

This Court has independently considered the question, and concludes that, unless the obligation to pay a spouse's attorney's fees is clearly in the nature of a property settlement, it will be deemed non-dischargeable. In examining the Final Judgment of Dissolution of Marriage entered in this case, the Court is unable to conclude that the attorney's fee obligation was in the nature of a property settlement.

Whereupon, it is ORDERED as follows:

1. A final judgment is hereby entered on behalf of the plaintiff and against the defendant;

2. The plaintiff shall recover from the defendant the sum of $500, for which let execution issue.