In re Roger Alan **FRIEDLAND**, Debtor.

Dena Rosenblatt **FRIEDLAND**, Plaintiff,

v.

Roger Alan **FRIEDLAND**, Defendant.

Bankruptcy No. 81–00831–BKC–SMW.
Adv. No. 81–0442–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

Feb. 8, 1982.

---

Richard W. Smith, Fort Lauderdale, Fla., for plaintiff.

Reggie D. Sanger, Fort Lauderdale, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause coming on to be heard upon a Complaint to Determine Dischargeability of Debt filed herein and the Court, having examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

On or about November 26, 1980, a Final Judgment for Dissolution of Marriage was entered dissolving the marriage between Roger Alan Friedland (hereinafter referred to as the debtor) and Dena Rosenblatt Friedland (hereinafter referred to as the wife). Pursuant to this Final Judgment, the debtor was required to pay to the wife's attorney Fifteen Hundred Dollars ($1,500.00) of the total amount of the wife's attorney's fees of Four Thousand-Eight Hundred Dollars ($4,800.00). The Court based its award on the disparity of incomes between the husband and wife stating in pertinent part:

> This Court finds that the current disparity of the income of the parties results in a need of the wife and ability on the part of the husband (debtor) to pay Fifteen Hundred Dollars ($1,500.00) of the wife's attorney's fees as well as the costs. (Exhibit No. 1, at page 2.)

In a written Stipulation of the Parties, dated October 6, 1980, and incorporated by reference into the Final Judgment of Dissolution of Marriage, the parties agreed that the wife waived "her right to any and all alimony, lump sum, periodic and/or rehabilitative." (Exhibit No. 2, at page 1.) Also, in the Final Judgment, the Court traced the history of this waiver of alimony stating that "All or part of (the) marital domicile had been subject to the wife's claim for special equity and/or lump sum alimony, but it was agreed that said transfer could be used by the Court in considering child support, attorney's fees and/or arrearages." (Exhibit No. 1, at page 2.)

The issue presented by these facts is whether the debtor's obligation to his former wife's attorney for the award of attorney's fees under a Final Judgment of Dissolution of Marriage wherein the wife waived alimony is non-dischargeable under 11 U.S.C. Section 523(a)(5) which reads in pertinent part:

> (a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> \* \* \* \* \* \*
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for or support of both spouse or child, in connection with a separate agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise

(B) Such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; . . .

 There are two approaches to the analysis of this issue—the "four corners" approach and "the economic effect" approach.[1] A combination of both approaches is applicable to the facts of the instant case. Reading strictly within the four corners of the Final Judgment and the Stipulation of the Parties, the Court finds that there is ambiguity as to the intent of the parties as to the characterization of the award of attorney's fees. If the payment of attorney's fees by the debtor is part of a property settlement, it may be discharged in bankruptcy. If an award by the Court is actually in the nature of alimony, maintenance, or support for the wife or children, it is non-dischargeable under 11 U.S.C. Section 523(a)(5)(B). "What constitutes alimony, maintenance or support will be determined under bankruptcy law, not state law." (H.Rep.No. 95–595, 95th Cong. 1st Sess. 363 (1977) pg. 364, U.S.Code Cong. and Admin. News 1978 pp. 5787, 6320.) The emerging majority rule by Bankruptcy Courts throughout the nation is that the "obligation to pay an attorney's fee of an exsponse is so tied in with the obligation of support as to be in the nature of support or alimony and excepted from discharge." *In re Whitehurst*, 10 B.R. 229 (Bkrtcy.M.D.Fla. 1981); *In re Evans*, 2 B.R. 85 (Bkrtcy.W.D. Mo.1979); *In re Knabe*, 8 B.R. 53 (Bkrtcy.S. D.Ind.1980); *In re Smith*, 3 B.R. 224 (Bkrtcy. E.D.Va.1980); *In re Dorman*, 3 C.B.C.2d 497 (Bkrtcy.S.D.N.Y.1981). Based on an examination of the Final Judgment of Dissolution of Marriage and the Stipulation of the Parties incorporated therein, the Court finds that the award of attorney's fees to the wife's attorney is not in the nature of a property settlement. By analyzing the doc-

uments in terms of their economic effect, the actual nature of the award becomes evident. The language of the Final Judgment reflected a concern for the disparity between the wife's and the debtor's salaries and based its award on the needs of the wife and the ability of the husband to pay, criteria usually applied to the determination of awards of alimony, support and maintenance. Based on the considerations above, the Court finds that under 11 U.S.C. Section 523(a)(5)(B) that the debtors obligation to pay Fifteen Hundred Dollars ($1,500.00) of the wife's attorney's fees is non-dischargeable subject to the application of 11 U.S.C. Section 523(a)(5)(A).

The Court further finds that the fact that the wife waived alimony is no impediment to finding that the award of attorney's fees made is actually in the nature of alimony, maintenance or support. The Bankruptcy Court must make a determination, no matter how an award is designated, of the true nature of the award. In the instant case, the waiver of alimony has no effect on the Bankruptcy Court's obligation to determine the nature and effect of the award of attorney's fees.

Having found that the obligation for payment of the wife's attorney's fees is the type of debt contemplated under 11 U.S.C. Section 523(a)(5)(B), it is necessary for the Court to turn its attention to the language of 11 U.S.C. Section 523(a)(5)(A) and determine whether this section effects the discharge of this debt. The Code provides that alimony, maintenance or support obligations may not be discharged if the debt is assigned to another. 11 U.S.C. Section 523(a)(5)(A). The debtor contends that his obligation to pay attorney's fees of his wife directly to the attorney constitutes an obligation to a third party which is dischargeable. This argument ignores the fact that the primary debt which necessitated this award was between the wife and her attorney. In the event the debtor does not fulfill his court ordered obligation, the attorney may collect his fee from the wife who

---

1. As outlined in Rude, *Bankruptcy: Support and Maintenance in Competition with Property Settlements*, LVI # 1, Fla. Bar Journal 78 (Jan. 1982).

was originally obligated, thus defeating the economic effect intended in the Final Judgment of Dissolution. This Court agrees with the holding in *In re Bell*, 5 B.R. 653 (Bkrtcy.W.D.Okl.1980) where the Court held that

> it would be a strained "dead letter of the law" construction to make non-dischargeable *only* alimony, maintenance or support owed directly to a spouse or dependent, and perfunctorily render dischargeable all debts involving third parties. (Pg. 655.)

The Court finds that while the debtor has been ordered to pay the wife's attorney directly, the underlying obligation is to and for the benefit of the wife and therefore, this debt is non-dischargeable under the provisions of 11 U.S.C. Section 523(a)(5).

The Court will enter a final judgment in accordance with these findings of fact and conclusions of law.