**In the Matter of David ROMANO, Debtor.**

**Marta ROMANO, Charles F. Clark and John H. Mueller, Plaintiffs,**

v.

**David ROMANO, Defendant.**

**Bankruptcy No. 81–1646.
Adv. No. 81–550.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 3, 1983.

Charles F. Clark, Tampa, Fla., for plaintiffs.

Albert P. Lima, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT AS TO COUNT VI

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Motion for Summary Judgment filed by the Plaintiffs in the above-captioned adversary proceeding. The Plaintiffs seek judgment as to Count VI of their Complaint, asserting that there are no issues of material fact and that they are entitled to judgment as a matter of law.

The facts germane to the resolution of this matter are without dispute and may be summarized as follows:

The Plaintiff, Marta M. Romano, is the former wife of the Debtor, David Romano, and the petitioner in *In re: the Marriage of Marta M. Romano, Petitioner/Wife and David M. Romano, Respondent/Husband,* in the Circuit Court in and for Hillsborough County, Florida. Final Judgment of Dissolution of Marriage was entered on March 30, 1978. On July 25, 1978, that court entered an "Amendment to Final Judgment of Dissolution of Marriage," requiring the Debtor to pay, as additional child support, the monthly mortgage payment, taxes and insurance on the parties' jointly owned residence until all of their children reached majority. The Debtor also was ordered to pay $10,000 "for the purpose of placing the wife in a position to purchase a new automobile, pay the obligation received by her to Wachenhut Corporation for protection ... and to pay for correction of drainage problems and completion of a block wall at the residence premises." The wife also currently has pending in the Circuit Court a Motion for an order directing the Debtor to pay back child support.

On November 10, 1980, the Circuit Court entered a judgment awarding the Plaintiff, Charles F. Clark, attorney fees and costs of $31,984.92 in connection with the trial in the dissolution of marriage proceeding, and subsequent proceedings, other than the appeal of the case. On January 26, 1981, and March 31, 1981, the same court entered orders awarding the wife attorney fees of $3,500 and $781.51 respectively in connection with contempt and motions brought for non-payment of alimony and child support. On April 6, 1981 and May 6, 1981, the same court awarded attorney fees to Plaintiffs, Charles Clark and John H. Mueller of $100 and $300, respectively, again in connection with contempt proceedings for unpaid alimony and child support. On June 3, 1981, the Court awarded $116 to the wife for costs in connection with motions for contempt filed in March and April of 1981. Finally, on February 18, 1982, the Court awarded attorney fees of $10,500 in connection with further contempt proceedings for non-payment of alimony and child support and in connection with proceedings or the Debtor's attempt to modify the Amendment and Final Judgment of Dissolution of Marriage.

The Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on September 11, 1981. The Plaintiffs then instituted this adversary proceeding under § 523 of the Code to, among other things, determine the dischargeability of certain debts owed to the Plaintiffs and in particular, the dischargeability of the attorney fees awarded to Messrs. Mueller and Clark, in connection with the dissolution of marriage proceedings.

Section 523(a)(5) provides that a discharge in bankruptcy does not apply to those debts to a spouse or former spouse for alimony, maintenance and child support awarded in connection with a separation agreement and divorce decree. The statute further provides that the debt is non-dischargeable only if the liability actually is in the nature of alimony, maintenance or support. What constitutes alimony, maintenance and support within the meaning of § 523(a)(5) is to be determined under bankruptcy law and not state law. However, the Court may look to state law for guidance. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 79 (1978), U.S.Code Cong. &

Admin.News 1978, p. 5787. Although some courts disagree, the majority rule among Bankruptcy Courts is that an obligation to pay attorney fees is so tied in with the obligation of support as to be in the nature of support or alimony and excepted from discharge. *In re Whitehurst,* 10 B.R. 229 (Bkrtcy.M.D.Fla.1981); *In re Spong,* 661 F.2d 6 (2d Cir.1981); *In re Morris,* 14 B.R. 217 (Bkrtcy.D.Colo.1981); *In re Bell,* 5 B.R. 653 (Bkrtcy.W.D.Okl.1980). Fla.Stat. § 61.-16, in support of this proposition provides that a state court may, *after considering the financial resources of both parties,* award reasonable attorney's fees, suit money, and costs of maintaining or defending any proceeding under Fla.Stat. Chapter 61 (Dissolution of Marriage) including enforcement and modification proceedings. (emphasis supplied) The allowance of attorney's fees in Florida is based on the same consideration as alimony, i.e. financial need. *Greenberg v. Greenberg,* 397 So.2d 1032 (Fla. 3d DCA 1981); *Reid v. Reid,* 396 So.2d 818 (Fla. 4th DCA 1981); *Caldwell v. Caldwell,* 383 So.2d 1115 (Fla. 3d DCA 1980). It is the purpose of the statute to place both spouses in financial parity for prosecution and defense of the action. *Canakaris v. Canakaris,* 382 So.2d 1197 (Fla.1980).

The Debtor has come forth with the novel proposition that a judgment for attorney's fees could be dischargeable in part and non-dischargeable in part based on the nature of the services rendered by the attorney. In other words, that portion of the attorney's fees which were based on the services rendered in connection with a property settlement would be dischargeable. While it is fairly well established that the attorney's fees stand and fall with the primary debt, *In re Bell,* 5 B.R. 653 (Bkrtcy.W.D.Okl. 1980), there is no authority supporting the Debtor's unique proposition. In any case, the Debtor's proposition would be inapplicable in this case in view of the statutory basis in Florida for the award of attorney fees based on financial need and in view of the fact that the parties have stipulated that the amounts awarded to the wife in the final judgment of dissolution of marriage are in the nature of alimony and support and are non-dischargeable.

In light of the foregoing, the Court is satisfied that there are no genuine issues of material fact and that the Plaintiffs are entitled to judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment as to Count VI filed by the Plaintiffs be, and the same hereby is, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that judgment as to Count VI be, and the same hereby is, entered in favor of the Plaintiffs and against the Debtor and the debts for attorney's fees awarded to the Plaintiffs which are the subject of this proceeding are hereby declared non-dischargeable. It is further

ORDERED, ADJUDGED AND DE-CREED that a pretrial conference with respect to the remaining issues of this adversary proceeding shall be held before the undersigned on Jan. 20, 1983 at 4:45 p.m. in Room 703, 700 Twiggs St., Tampa, Florida.