In re Francis A. CERTO, Debtor.

Evan Jay BYER, Plaintiff,

v.

Francis A. CERTO, Defendant.

Bankruptcy No. 83–01110–BKC–TCB.
Adv. No. 83–0657–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Sept. 7, 1983.

Evan Jay Byer, North Miami Beach, Fla., for plaintiff.

Francis Certo, North Miami Beach, Fla., debtor/defendant, pro se.

MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks exception from discharge under § 523(a)(5) of a claim in the amount of $3,500. The debtor has answered. The matter was tried on September 1.

The debtor's marriage was dissolved by a final judgment entered January 29, 1980, in Florida. The judgment incorporated an Agreement between the parties which expressly waived the wife's right to periodic alimony. The Agreement awarded custody of a minor child to the wife and provided that child support payments be made by the debtor to the wife. The Judgment specifically retains jurisdiction of the parties and the minor child for the purposes of the Uniform Child Custody Jurisdiction Act.

In 1982, the debtor sought modification of the child support provisions. On April 8, 1982, the State court resolved those objections by a final Order, which also awarded Judgment in the amount of $3,500 to the plaintiff "as Husband's contribution to the

reasonable attorney's fees incurred by the Wife." I find that the services for which this award was made were services in defending against the debtor's Complaint for Modification of Child Support.

Assuming, as the debtor argues, that both the debtor and his wife had agreed:

"to be responsible for his and her attorneys' fees and court costs incurred in connection with the present legal action to dissolve the marriage between the parties (including the consolidated Participation Action), and attorneys' fees incurred in connection with the preparation and execution of this Agreement" (¶ 13),

this stipulation in no way deprives the State court of discretion to subsequently assess attorney's fees against the debtor in connection with the award of child support. He did so in this instance.

Although there is some dissent, the prevailing view under the Code, as it was under the former Act, is that attorneys' fees incurred in connection with alimony or support awards partake of the exception accorded to those awards. As stated in *Collier on Bankruptcy* (15th ed.) ¶ 523.15[1]:

"it would appear that such debts are necessarily a part of the alimony award and would fall within § 523(a)(5)(B)."

See also *In re Friedland,* 18 B.R. 451 (Bkrtcy.S.D.Fla.1982).

The debtor relies on *In re Trichon,* 11 B.R. 658 (Bkrtcy.S.D.N.Y.1981) which shares the majority view but discharged a debt for attorneys' fees for the wife who had been denied alimony. I concur completely in the holding of that case but consider it inapplicable here, where the award was solely for services in defending the child support award.

As is required by B.R. 9021(a), a separate judgment will be entered excepting from discharge plaintiff's claim in the amount of $3,500 together with interest at the rate of 12% per annum from April 27, 1982. Costs may be taxed on motion.