**In re John J. D'ANTUONO, Debtor.**

**John J. D'ANTUONO, Plaintiff,**

**v.**

**Thomas M. SULLIVAN, Defendant.**

Bankruptcy No. 82–00866–JG.

Adv. No. A83–0087–JG.

United States Bankruptcy Court,
D. Massachusetts.

March 16, 1984.

**596**

Gerald F. Williamson, Brockton, Mass., for plaintiff.

Thomas M. Sullivan, Brockton, Mass., for defendant.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

The plaintiff debtor's complaint seeks a determination that the debtor's obligation to pay his former wife's attorney's fees of $1500 is dischargeable in bankruptcy and is not in the nature of alimony or support so as to be nondischargeable under 11 U.S.C. Section 523(a)(5).[1] The creditor's Answer asserts that the liability is in the nature of alimony. The parties submitted an Agreed Statement of Facts, and an Amended Agreed Statement of Facts, with documents attached. From the agreed statements and documents, I find as follows.

The debtor and his former wife were divorced on January 18, 1982. The Probate

Court judgment ordered the husband to pay the mortgage on the marital home, to pay the wife $75 per week for child support, to pay the minor child's uninsured medical bills, and to maintain life insurance and medical insurance for the benefit of the minor child. The judgment ordered the sale of the marital home upon emancipation of the child or the wife's remarriage. The judgment also divided the two vehicles between each spouse. Finally, the judgment provided: "It is further provided that the husband shall pay to Thomas Sullivan, Esq., attorney for the wife, the sum of One-Thousand Five Hundred ($1500) Dollars for legal services in connection with this case."

Mr. D'Antuono was awarded the divorce on the grounds of cruel and abusive treatment. The Court's judgment was based on the recommendations of a Master, who had also made findings of fact concerning the marital history. At the time of the divorce, the wife was not working, was at home caring for the special needs of the minor child, and the husband was employed with two jobs, earning approximately six hundred dollars ($600) per week.

Although obligations for alimony, maintenance, or support of a spouse or child not payable directly to the spouse are dischargeable, a state court's award of legal fees to a spouse is nondischargeable, even though payable directly to the lawyer, as long as the obligation is in the nature of alimony and or support. *See Matter of Gwinn,* 20 B.R. 233, 9 B.C.D. 147 (Bkrtcy. App. 9th Cir.1982); *In Re French,* 9 B.R. 464 (Bkrtcy.D.Cal.1981). "The majority rule among bankruptcy courts is that an obligation to pay attorney's fees is so tied in with the obligation of support as to be in the nature of support or alimony and excepted from discharge." *In Re Dutra,* 33 B.R. 773, 775 (Bkrtcy.D.R.I.1983) quoting

---

1. 11 U.S.C. Section 523(a)(5) provides in pertinent part: A discharge ... does not discharge an individual debtor to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, but not to the extent that

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act);

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;"

*Romano v. Romano,* 27 B.R. 36, 38 (Bkrtcy. M.D.Fla.1983). *See also In Re Certo,* 33 B.R. 561, 562 (Bkrtcy.S.D.Fla.1983); *In Re Friedland,* 18 B.R. 451 (Bkrtcy.S.D.Fla. 1982); *L. King, Collier on Bankruptcy,* Par. 523, 15(1), at 523–109–110 (15th ed. Supp. 1983).

■ After consideration of the Master's Report and the Probate Court judgment, it is my conclusion that the order to pay the wife's attorney's fees was in the nature of alimony or support, even though the Probate Court Judgment did not specifically characterize the award as alimony or support. It is a reasonable inference to be drawn from the documents, from the small amount of the weekly support order, from the comparative station in life of the parties, and from the wife's lack of income or savings, that the Court intended the husband's obligation to reimburse the wife to be tied in with obligation of support.

Accordingly, judgment shall enter for the defendant.