In re Harry B. JACKSON, Debtor.

Brenda A. JACKSON and Jack D. Hoogewind, Plaintiffs,

v.

Harry B. JACKSON, Defendant.

Bankruptcy No. 85–02556–BKC–TCB. Adv. No. 86–0039–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

March 5, 1986.

Adam R. Schiffman, Miami, Fla., for plaintiffs.

Bernard I. Rappaport, Miami, Fla., for debtor/defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The debtor's ex-wife and her attorney seek exception from discharge under 11 U.S.C. § 523(a)(5). The debtor has answered. The matter was tried on February 27.

The facts are not in dispute. The marriage was dissolved in Pasco county by a six-page Final Judgment entered July 25, 1985. The Judgment granted custody of one child to each parent and provided separate child support which is conceded to be excepted from discharge.

The Judgment also awarded the wife $20,000 "lump sum alimony" to compensate her for her interest in the marital home, automobile and the debtor's stock bonus plan. I find that notwithstanding the label selected by the State court, this award was in fact a property settlement and not alimony, maintenance or support as those terms are employed in § 523(a)(5)(B). *Collier on Bankruptcy* ¶ 523.15[1] n. 5 (15th Ed.1985).

The Judgment required that the debtor pay his wife's reasonable attorney's fees, reciting that:

"She ... does not have the financial ability to pay fees and expenses."

By a separate Order entered July 31, 1985 the State court fixed the fee and costs at $9,755 and provided that payment be made directly to the attorney.

The debtor argues that the attorney has no standing to seek exception from discharge and has moved that the attorney's claim be dismissed from this action. The debtor relies upon § 523(a)(5)(A), which provides that marital support shall not be excepted from discharge to the extent that:

"such debt is assigned to another entity, voluntarily, by operation of law, or otherwise,"

noting an exception not pertinent here.

I disagree with the debtor on both points. The attorney has standing to seek exception for the award made payable directly to him by the State court.

In *Pauley v. Spong (In re Spong)*, 661 F.2d 6, 10 (2nd Cir.1981), the court reversed a district court affirmance of a bankruptcy court which had discharged a debt owed to the wife's attorney upon the ground asserted by the debtor here. The court said:

"Appellant asserts that, when the House and Senate bills were redrafted to make 'debts assigned to another entity' dischargeable, Congress had in mind assignments to State welfare agencies only. This interpretation is supported by most of the cases. [Cases cited].

Assuming for the argument that these cases have incorrectly interpreted the congressional intent concerning 'assigned' debts, appellant's claim of nondischargeability remains unaffected. We view appellee's undertaking to pay his wife's legal fees as a paradigmatic third party beneficiary contract, which is not, and should not be confused with, an assignment."

The foregoing holding has been followed in *Porter v. Gwinn (In re Gwinn)* 20 B.R. 233, 234 (9th Cir.B.A.P., 1982).

It is generally agreed that if the attorney's services were essentially associated with a property settlement agreement, the fee might be dischargeable as a part of the settlement agreement. However, that is not the case here. I find that a significant part of the attorney's services was necessary to protect the wife's interest with respect to child support. Furthermore, the State court's comment, quoted above,

makes it clear that the State court ordered the debtor to pay these fees in accordance with the Florida statute, § 61.16, which requires that the court consider:

"the financial resources of both parties" in determining which shall bear the legal expense. I find, therefore, that the debt for legal expense is a debt in the nature of alimony or support and not a property settlement. It is not, therefore, dischargeable.

As is required by B.R. 9021(a), a separate judgment will be entered in accordance herewith. Each party shall bear its own expense incurred in this adversary proceeding.