**In re Donald W. PATRICK, Debtor.**

**AMLONG & AMLONG, P.A., Plaintiff,**

**v.**

**Donald W. PATRICK, Defendant.**

**Bankruptcy No. 89–32323–BKC–TCB.**
**Adv. No. 89–0339–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Sept. 18, 1989.

Amlong & Amlong, P.A., Ft. Lauderdale, Fla., pro se.

Kenneth S. Rappaport, Boca Raton, Fla., for defendant.

## MEMORANDUM DECISION

### THOMAS C. BRITTON, Chief Judge.

The plaintiff law firm seeks exception from discharge under 11 U.S.C. § 523(a)(5)[1] for its claim of $13,370. The debtor has answered and the matter was tried on September 5. I now conclude that the debtor's obligation to his ex-wife's attorneys for fees and costs in connection with a dissolution of marriage proceeding is nondischargeable.

The debtor filed his bankruptcy petition on May 12, 1989. The plaintiff is listed on his schedules as a creditor in the amount of $13,370.

The debtor's marriage was dissolved by a final judgment dated February 29, 1988. (CP 1 Ex. A). The judgment provides in paragraph 6B that the wife be awarded as "permanent periodic alimony" $750 per month, and in paragraph 6C that as "rehabilitative alimony" the wife be awarded title to real property in South Carolina. Thereafter, in four paragraphs, separate provisions set forth division of the parties' personal property. The award of attorney's fees and costs follows in a separate paragraph.

Detailed findings with respect to the parties' earning capacities are set forth in the final judgment (¶ 2). The husband's estimated future annual income is $72,000. The potential for the wife to earn $23,000 annual income was determined on the premise that she could earn that amount after two-and-one-half years additional time to obtain a bachelor's degree.

The wife incurred $26,740 in attorney's fees and costs in the divorce proceeding. The judgment provided that the husband pay one-half. A separate agreed judgment (CP 1 Ex. B) entered against the debtor for the amount of $13,370 is the subject of this adversary proceeding.

■ It is the plaintiff's position that this award is in the nature of alimony or support. I agree.

Section 523(a)(5) excepts from discharge debts to a former spouse:

"for alimony to, maintenance for, or support of such spouse or child, in connection with a ... divorce decree ..., but not to the extent that ... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

The debtor argues that the attorney's fees and costs which were essentially associated with the division of property relative to the entire award should be apportioned and treated as an equitable distribution of property.

It is clear on the face of the judgment that the alimony award was based on the parties' disparate incomes, and no evidence has been presented to overcome the obvious intent that alimony be provided to the

---

**1.** The reference in the complaint (CP 1) to § 727(c) is an obvious error.

wife. The characterization of alimony is not disputed.

The prevailing view under the Code, as it was under the former Act, is that attorneys' fees incurred in connection with alimony or support awards partake of the exception accorded to those awards. As stated in 3 *Collier on Bankruptcy* (15th ed. 1989) ¶ 523.15[1]:

> "it would appear that such debts are necessarily a part of the alimony award and would fall within § 523(a)(5)(B)."

■ The majority rule is based on the principle that the courts consider the same factors in awarding attorney's fees as in alimony and that the fees are intertwined with and an integral part of other nondischargeable obligations. *See e.g., In re Spong,* 661 F.2d 6, 9 (2nd Cir.1981); *In re Dorman,* 3 C.B.C.2d 497, 500 (D.N.J.1981). *See also In re Nunnally,* 506 F.2d 1024, 1027 (5th Cir.1975) (decided under Bankruptcy Act § 17c(7)). In essence, where the wife is denied alimony, the debt for attorney's fees is dischargeable. *In re Trichon,* 11 B.R. 658, 661 (Bankr.S.D.N.Y. 1981). That is not the case here. The judgment was not restricted solely to a division of property.

The debtor's argument, based on computing relative amounts of alimony and property, imposes a standard of measurement not found in the statute. A similar argument was rejected by the court in *In re Romano,* 27 B.R. 36, 38 (Bankr.M.D.Fla. 1983). *See also In re Stamper,* 17 B.R. 216, 220–21 (Bankr.S.D.Ohio 1982) (burden not on party seeking exception).

Furthermore, even though the amount of fees and costs was incorporated into an agreed judgment, the prior judgment which directed the debtor to pay the wife's attorneys' fees derives from the authority granted the court under *Fla.Stat.* § 61.16, which requires that the court consider:

> "the financial resources of both parties" in determining which shall bear the legal

expense.[2] *McLendon v. McLendon,* 483 So.2d 498 (Fla.Dist.Ct.App.1986).

I find that the State court's determination to award attorney's fees and costs to the ex-wife follows the standard of considering the disparate incomes of the spouses and the appropriate measure of need or support, also considered in the provision for alimony. *Matter of Heverly,* 68 B.R. 21, 23 (Bankr.M.D.Fla.1986).

Therefore, the debt for legal fees and costs is in the nature of alimony or support, and is nondischargeable under § 523(a)(5).

As is required by B.R. 9021, a separate judgment will be entered excepting from discharge plaintiff's claim in the amount of $13,370. Costs may be taxed on motion.

DONE and ORDERED.

---

**2.** *See In re Cockhill,* 72 B.R. 339, 343 (Bankr.N. D.Ill.1987) n. 8 (citing *Ford v. Strickland,* 696 F.2d 804, 811 (11th Cir.), *cert. denied,* 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983) (regarding "presumption of regularity", *i.e.,* state courts presumably follow their own law and procedures)).