635 So.2d 132 (1994)
Belinda F. ROSENBLATT, Appellant,
v.
Arthur ROSENBLATT, Appellee.
No. 93-1973.
District Court of Appeal of Florida, Third District.
April 12, 1994.
Allison Doliner Hockman, Coral Gables, for appellant.
J. James Donnellan, III, Miami, for appellee.
Before BASKIN, JORGENSON and LEVY, JJ.
*133 BASKIN, Judge.
We reverse the order denying the former wife's motion to impose an equitable lien. The trial court erred in failing to permit the former wife to establish her entitlement to an equitable lien by preventing her from presenting evidence of the former husband's conduct in failing to pay court-ordered support. Radin v. Radin, 593 So.2d 1231 (Fla. 3d DCA), review denied, 605 So.2d 1265 (Fla. 1992); see Palm Beach Sav. & Loan Ass'n v. Fishbein, 619 So.2d 267, 270 (Fla. 1993) ("[W]here equity demands it this Court has not hesitated to permit equitable liens to be imposed on homesteads beyond the literal language of article X, section 4."). In addition, the trial court erred in ruling that the establishment of the New York support decree as a money judgment changed the nature of the judgment or reduced the obligation to an ordinary judgment. Gibson v. Bennett, 561 So.2d 565, 569 (Fla. 1990) ("Establishing a support decree as a money judgment does not destroy the decree as an order to pay support nor is the obligation reduced to an ordinary judgment debt enforceable only at law."). "The purpose of the award remains the payment of support to the former spouse or the children regardless of its form or the location of the parties." Gibson, 561 So.2d at 569. Accordingly, the cause is remanded for proceedings consistent with this opinion.
Reversed and remanded.