In re Arthur J. ROSENBLATT, Debtor.

Arthur J. ROSENBLATT, Plaintiff,

v.

Belinda F. WITTLIN, f/k/a Belinda F. Rosenblatt, Defendant.

Bankruptcy No. 94–12876–BKC–AJC. Adv. No. 94–0831–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Dec. 20, 1994.

Sandy E. Karlan, Miami, FL, for defendant.

Jordi Guso, Robert L. Roth, P.A., Miami, FL, for plaintiff/debtor.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Chief Judge.

The Plaintiff/Debtor, ARTHUR ROSEN-BLATT, (hereafter "ARTHUR") seeks a determination that a net distributive award and attorneys' fees award rendered by New York State Supreme Court in favor of Defendant/Former Wife, BELINDA F. WITTLIN, (hereafter "BELINDA"), is dischargeable under 11 U.S.C. § 523(a)(5). The parties agreed to submit this matter to the Court on Memorandum and after hearing oral argument of counsel, I find that the obligations are in the nature of support and are nondischargeable debts.

### FACTS

The parties' 19 year marriage was dissolved by a **Resettled Final Judgment of Divorce** on September 13, 1991. The final judgment was based upon the findings of Judge Elliott Wilk, who determined that BELINDA should receive support and maintenance arrearages in the amount of $184,264.58, a net distributive award of $533,000.00 and attorneys' fees of $79,321.68 for a total amount of $796,586.26.[1]

ARTHUR failed to make any payments on the judgment and the Court subsequently entered a second judgment in the amount of $832,617.26, reflecting accrued interest, to be paid to BELINDA in lump sum. After BELINDA domesticated this judgment in Florida, she sought to impose an equitable lien on the proceeds of the sale of ARTHUR's home as a means of enforcing the judgment. The Florida trial court denied her motion, holding that the New York judgment was a money judgment, not a support obligation and an equitable lien was an improper remedy. The Third District Court of Appeal reversed the trial court, held that a support obligation does not lose its character as support, and remanded for an evidentiary hearing. In a separate Florida action, ARTHUR filed a Motion for Retroactive Child Support and

BELINDA filed a Motion for Contempt. On July 21, 1994, ARTHUR filed for relief under Chapter 7 and instituted this adversary petition to determine the dischargeability of the debt to BELINDA.

### DISCUSSION

ARTHUR argues that the net distributive amount of $533,000.00 is dischargeable in bankruptcy because it is a property settlement distribution rather than a support obligation. Additionally, he argues that the attorneys' fees are dischargeable because they were not incurred in connection with or substantially related to support issues. BELINDA, on the other hand, argues 1) that the net distributive award was in the nature of support, because the Court intended that the award would be used to generate income for her support, and therefore nondischargeable; 2) that the attorneys' fees were incurred in connection with support enforcement proceedings and, therefore, nondischargeable; and 3) that the decision of the Third District Court of Appeal, holding that the money judgment did not lose its original support character is res judicata as to the issue.

### I: Net Distributive Award

11 U.S.C. § 523(a)(5) prohibits the discharge of an individual debtor from any debt

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of court of record, or property settlement agreement, but not to the extent that ...

> \* \* \* \* \* \*

> (B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support;

According to the Eleventh Circuit, § 523(a)(5) only requires the bankruptcy court to make a "simple inquiry" as to whether the obligation in question is in the nature of support, thereby rendering it non-dis-

---

1. The Debtor has acknowledged that the arrearages of $184,264.58 are support and they are therefore not a part of this proceeding.

chargeable, or whether it is in the nature of a property division, thereby rendering it dischargeable. *In re Harrell*, 754 F.2d 902, 906–07 (11th Cir.1985). Once the bankruptcy court makes the determination that the obligation is in the nature of support, the court's "task [is] at an end". *In re Harrell*, 754 F.2d at 907.

What constitutes alimony, maintenance and support is determined under federal law. H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320, although the court may look to state law for guidance. Regardless of the label given to the financial payment in the settlement agreement or in the court order, the payment must actually be in the nature of alimony, maintenance or support. 3 *Collier on Bankruptcy* ¶ 523.15[5] (15th Ed.1988). *In re Harrell*, 754 F.2d at 904.

In making this inquiry, the court may consider the six factors set forth in *Harrell*, including:

1. Whether the obligation is subject to contingencies such as death or remarriage.
2. Whether payment was fashioned in order to balance disparate incomes of parties.
3. Whether the obligation is payable in installments or in a lump sum.
4. Whether there are minor children involved in a marriage requiring support.
5. The respective physical health of the spouses and their level of education.
6. Whether, in fact, there was a need for support at the time of the circumstances of the particular case.

See, *In re English*, 146 B.R. 874 (Bankr. S.D.Fla.1992); *In re Kodel*, 105 B.R. 729 (Bankr.S.D.Fla.1989). *In re Burch*, 100 B.R. 585 (Bankr.M.D.Fla.1989), *In re Graves*, 69 B.R. 626 (Bankr.S.D.Fla.1986), *In re Markizer*, 66 B.R. 1014 (Bankr.S.D.Fla.1986), *Matter of Basile*, 44 B.R. 221 (Bankr.M.D.Fla. 1984).

According to Sommer and McGarity in their treatise, *Collier Family Law and the Bankruptcy Code*,

Probably the most important factor looked to by courts deciding the dischargeability of marital obligations, both to assess the intentions of the parties and to decide whether the actual function of an obligation is to provide support, is the financial situation of the parties at the time the obligation is agreed upon or decided by the court. If the obligee spouse or former spouse would have had difficulty in providing for himself or herself and the children of the parties, if any, absent the obligation, it is likely that the obligation will be found to be in the nature of alimony or support regardless of how it is structured or labeled.

Henry J. Sommer & Margaret Dee McGarity, *Collier Family Law and the Bankruptcy Code*, Par. 6.04[4] (Lawrence P. King, ed. 1992).

In this case, the New York Court found that BELINDA was primarily a housewife during the marriage, unemployed throughout the separation and divorce proceedings and owned few assets. In contrast, ARTHUR was a successful businessman, with a $2.5 million interest in a courier service, a yearly salary in excess of $200,000.00 and numerous benefits provided by the business. The decision memorandum of the New York judge, upon which BELINDA relies, reflects the Court's concern over the great disparity in the parties' incomes. In awarding the $533,-000.00 to BELINDA, the Judge explained its nature:

I believe that the income that can be generated from plaintiff's distributive award, supplemented by the income she can reasonably expect to enjoy from available employment ($20,000–$30,000) is sufficient for her to maintain a lifestyle reasonably consistent with that which she enjoyed while living with the defendant. Accordingly, she will not be awarded maintenance.

The case of *In re Bonheur*, 148 B.R. 379 (Bankr.E.D.N.Y.1992), is most similar to this case. In that case, the Bankruptcy Court held that an equitable distribution award was not dischargeable as a support obligation. The factual background in *Bonheur* is similar to this case, in that it involves a long term marriage, disparity of spousal incomes and a

property award, in lieu of maintenance, to provide support for the Wife. In finding that the property award to the Wife was nondischargeable, the *Bonheur* Court specifically held:

> Under New York's system, ... a divorce court must consider needs and income of the parties before awarding property. Before awarding support, the court must similarly take into account any property owned by one or the other party. D.R.L. § 236(B). Implicit in the process is a recognition of the role an award of property can play in providing support.

*Bonheur,* 148 B.R. at 382.

The *Bonheur* Court also cited with approval a law review article on the changing nature of alimony and property distribution which in part said, "Increasingly, since the widespread adoption of equitable distribution of property schemes, property is employed as a substitute for alimony and provides a dependent spouse a means of self-support." *Bonheur,* 148 B.R. at 383.

In applying *Bonheur* to the central issue of this case, it is clear that the New York system utilizes a property distribution award, as support, to balance the disparity of spousal incomes. In fact, the New York judge in this case specifically expressed in his memorandum that he intended to rectify the significant difference in incomes by awarding to BELINDA the amount $533,000.00. He reasoned that this money, which would generate adequate interest income, together with her future earnings from employment, would provide her with sufficient support and she would not require additional maintenance under the judgment.[2]

In light of the foregoing, the distributive award of marital assets in the amount of $533,000.00, which was designed to generate an annual income for BELINDA, was in the nature of support and therefore, is a nondischargeable debt under § 523(a)(5).

## II: Attorneys' Fees

 It is well-established in this jurisdiction, that depending on whether the obligation is in the nature of support, a debtor's

obligation to pay the fees of a nondebtor spouse is nondischargeable under § 523(a)(5). *In re Patrick,* 106 B.R. 743 (Bkrtcy.S.D.Fla.1989); *In re Vazquez,* 84 B.R. 848 (Bkrtcy.S.D.Fla.1988); *aff'd* 92 B.R. 533 (S.D.Fla.1988); *In re Jackson,* 59 B.R. 77 (Bkrtcy.S.D.Fla.1986); *In re Kaytes,* 28 B.R. 140 (Bkrtcy.S.D.Fla.1983). The majority rule is that an obligation to pay the attorney's fees of an ex-spouse is so connected with the obligation of support as to be in the nature of support and excepted from discharge. *In re Spong,* 661 F.2d 6 (2nd Cir. 1981); *Patrick,* 106 B.R. at 745; *In re Booch,* 95 B.R. 852, 855 (Bkrtcy.N.D.Ga.1988); *In re Romano,* 27 B.R. 36, 38 (Bkrtcy.S.D.Fla. 1983); *In re Friedland,* 18 B.R. 451, 453 (Bkrtcy.S.D.Fla.1982); *In re Whitehurst,* 10 B.R. 229, 230 (Bkrtcy.M.D.Fla.1981).

In the instant case, ARTHUR argues that the attorneys' fees awarded to BELINDA were not substantially related to support issues. The courts have held that a debtor's obligation to pay the fees of the nondebtor spouse is nondischargeable as support even though a portion of the nondebtor spouse's attorney's services relates to a property settlement. *Vazquez,* 84 B.R. at 850. The Court in *Vazquez,* cited with approval, the case of *In re Schwartz,* 53 B.R. 407 (S.D.N.Y. 1985) which held, "The statute [523(a)(5)] requires only that the debt *fall in* one of [the] three categories [support, custody and visitation] ..., not that it be fees incurred litigating only those issues." *Vazquez,* 92 B.R. at 535.

The record in this case indicates that the September 13, 1991 Resettled Final Judgment award of attorneys' fees in the amount of $79,321.68, including interest, was, in fact, for support enforcement proceedings during the divorce action. In fact, BELINDA was also awarded $184,264.58 in temporary maintenance and support during the pendency of the action. Specifically, the Court held that BELINDA "was awarded $25,000 and $15,-000 for interim counsel and investigative fees respectively ... Defendant (ARTHUR) refused to pay any of the counsel or investigative fees. He paid a portion of the award for

---

**2.** Judge Wilk projected, in his written opinion, that BELINDA could invest the $533,000 at a

rate of 9% per annum and earn $46,970.00 in interest yearly.

maintenance and support." Thereafter, an additional award of counsel fees was made to BELINDA as a result of enforcing previous support orders and ARTHUR's refusal to comply with them. Moreover, the facts of this case clearly show that, at the time of the award of attorneys' fees, BELINDA was in financial need of support.

Therefore, the obligation of ARTHUR to pay BELINDA's fees was in the nature of support, as such, the obligation is nondischargeable under § 523(a)(5).

### III. Res Judicata

BELINDA argues that the ruling by the Third District Court of Appeal, in *Rosenblatt v. Rosenblatt*, 635 So.2d 132 (3rd DCA 1994), is res judicata to the Debtor's action in this court. This Court does not need to reach the issue of res judicata because the debts at issue in this matter have been determined to be nondischargeable under 11 U.S.C. § 523(a)(5).

A separate Final Judgment shall be entered in accordance with Fed.R.Bankr.P. 9021.