**In re Kevin C. MELLOR, Debtor.**

**Kevin C. Mellor, Plaintiff,**

**v.**

**Sheri D. Washuta, C. Michael Barnette, Defendants.**

**Bankruptcy No. 6:04 BK 13727. Adversary No. 6:05–ap–110.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Jan. 30, 2006.

Margaret W. Hudson, New Smyrna Beach, FL, for Debtor.

### MEMORANDUM OPINION

KAREN S. JENNEMANN, Bankruptcy Judge.

This adversary proceeding came on for trial on January 12, 2006, upon the Complaint filed by the debtor, Kevin Charles Mellor, seeking to determine that attorney fees and costs incurred in connection with his divorce from the defendant, his former wife, Sheri D. Washuta, are dischargeable under Section 523(a)(5) of the Bankruptcy Code.[1] Pursuant to an earlier Order Partially Granting Plaintiff's Motion for Summary Judgment as to Ms. Washuta (Doc. No. 30), the Court already has determined that attorney fees in the amount of $2,500 are dischargeable and now are discharged.

The only remaining issue is whether additional fees in the amount of $5,705.38 are in the nature of alimony or child support. Due to the relatively small amount in question, the Court directed the parties to exchange information, specifically, the detailed attorney bills, so that the parties could discuss whether these fees constitute alimony and maintenance and whether they are dischargeable or not pursuant to Section 523(a)(5) of the Bankruptcy Code. The parties complied with this request; exhibits were exchanged. The parties now exclusively rely upon four exhibits introduced during the trial.

Exhibit 4 is the most relevant and includes the billing statements from the defendant's attorney, C. Michael Barnette, supporting Ms. Washuta's claim that the attorney fees are not dischargeable. The plaintiff/debtor agrees that the majority of these fees and costs indeed *are* in the nature of alimony and support and are not dischargeable. Specifically, the debtor agrees that attorney fees in the amount of $3,942.13 are in the nature of alimony/child support and are not dischargeable in this Chapter 7 bankruptcy.

Therefore, the last issue is whether the remaining $1,763.25 is dischargeable. In the Eleventh Circuit, bankruptcy courts are required to make only a "simple inquiry" as to whether an obligation to pay attorney's fees "can legit-

---

1. Unless otherwise stated, all references to the Bankruptcy Code herein refer to Title 11 of the United States Code.

imately be characterized as support" in order to determine whether the obligation is nondischargeable pursuant to Section 523(a)(5). *In re Strickland,* 90 F.3d 444, 446 (11th Cir.1996) (*citing In re Harrell,* 754 F.2d 902, 906 (11th Cir.1985)). After reviewing the various bills and records, the Court agrees that, although there is some question as to an entry here and there throughout the bills as to whether the fees relate to child support issues, the general scope of services provided by the attorney for the defendant clearly related primarily to child support issues. The other services were *de minimus,* and, as reflected by the debtor's attorney, C. Michael Barnette, in his cover letter, he concludes that, "While an extremely limited amount of time may have been devoted to collecting the original award of $2,500.00 for your attorney's fees as provided in the mediation settlement agreement, the battle ground in your second round of litigation was child support modification and collection of the arrearage."

Further, to the extent the defendant's attorney provided non-support related services to his client, the issues were so intertwined with the support issues, they are not divisible. *In re Hendricks,* 248 B.R. 652, 657 (Bankr.M.D.Fla.2000) ("It is well established that an award of attorney's fees incurred in a dissolution or post-dissolution proceeding is nondischargeable if the proceeding is *inextricably intertwined* or directly related to alimony or support.") (*emphasis added*) (*citing In re Patrick,* 106 B.R. 743 (Bankr.S.D.Fla.1989); *In re Pollock,* 90 B.R. 747 (Bankr.E.D.Pa.1988); *In re Bell,* 61 B.R. 171 (Bankr.S.D.Tex. 1986); *In re Morris,* 14 B.R. 217 (Bankr. D.Colo.1981); *In re Whitehurst,* 10 B.R. 229, 230 (Bankr.M.D.Fla.1981) ("unless the obligation to pay a spouse's attorney's fees is clearly in the nature of a property settlement, it will be deemed non-dischargeable."); *In re Shaw,* 67 B.R. 911 (Bankr. M.D.Fla.1986)).

The post-divorce litigation between the parties, during which the fees at issue arose, started when the debtor's ex-wife sought to collect unpaid child support from the debtor. The debtor actively opposed this collection effort. The debtor also, in response, sought to modify his visitation rights and avoid paying other fees previously awarded. Therefore, although some of Mr. Barnette's charges appear to relate to these peripheral issues, the Court cannot ignore the connection between the defendant's attempt to collect unpaid child support and the debtor's renewed interest in challenging the defendant on other issues. It is only these latter bills that were submitted in support of the debtor's request, and, because of the inability to appropriately divide between those specific services that directly related to alimony and child support issues and those which were not, the Court finds that the entire amount is in the nature of child support and alimony. *In re Rosenblatt,* 176 B.R. 76 (Bankr.S.D.Fla.1994) (concluding that attorney fees incurred in connection with visitation issues are in the nature of alimony, maintenance, or support and therefore are excepted from discharge); *Matter of Vazquez,* 92 B.R. 533 (S.D.Fla.1988); *In re Schwartz,* 53 B.R. 407, 411 (Bankr. S.D.N.Y.1985).

Accordingly, judgment shall issue in favor of the defendant, Sheri D. Washuta, as to the entire remaining amount at issue. The attorney fees and costs in the amount of $5,705.38 are nondischargeable and will survive the pendency of this Chapter 7 case and the entry of the debtor's discharge in this Chapter 7 case. A separate judgment consistent with this ruling shall be entered.