On respondent's petition for attorney fees filed November 28, and petitioner's memorandum in opposition to petition for attorney fees filed December 5, 2007, petition for attorney fees allowed; wife awarded attorney fees in the amount of $13,590 April 2, 2008

## In the Matter of the Marriage of

### Joseph S. JACOBS,
*Petitioner-Appellant,*

*and*

### Elaine M. JACOBS,
nka Elaine Margaret Ross,
*Respondent-Respondent.*

Clackamas County Circuit Court
DR0201033; A128771

182 P3d 244

Robert M. Hildum for petition.

Joseph S. Jacobs, *pro se*, for response.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

SERCOMBE, J.

**SERCOMBE, J.**

Wife petitions for an award of attorney fees pursuant to ORS 107.105(5),[1] having prevailed on appeal. Husband objects on the ground that the attorney fees that wife incurred in responding to the appeal were discharged in bankruptcy. Because ORS 107.105(5) authorizes us to award attorney fees in this case, and we find no contrary state or federal law to prevent that award, we allow the petition and award wife attorney fees in the amount of $13,590.

Husband and wife were divorced in 2005. In October of that year, husband filed for bankruptcy. Husband was granted a discharge under the federal Bankruptcy Code, 11 USC § 727, on February 7, 2006. The discharge may have included the debt for attorney fees awarded to wife by the trial court's dissolution judgment.

Husband filed an appeal of the dissolution judgment on June 3, 2005, before filing his bankruptcy petition and obtaining a discharge. He continued to prosecute the appeal for nearly two years after his discharge. We affirmed the dissolution order without opinion on November 7, 2007, and denied husband's request for reconsideration on January 16, 2008. Before the request for reconsideration was denied, wife filed a petition for attorney fees incurred in responding to husband's appeal of the dissolution judgment. Husband filed a memorandum in opposition, contending that his February 2006 bankruptcy discharge included the attorney fees that wife incurred responding to his appeal between June 2005 and November 2007.

We need not decide whether husband's bankruptcy discharge included the post-discharge attorney fees in order to grant wife's petition in this case. Husband has neither provided sufficient information in the record to establish that his bankruptcy discharge includes the attorney fees at issue, nor

---

[1] ORS 107.105(5) provides:

"If an appeal is taken from the judgment or other appealable order in a suit for annulment or dissolution of a marriage or for separation and the appellate court awards costs and disbursements to a party, the court may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal."

has he authenticated the scant materials he has submitted to this court. The record before the court is insufficient to determine the outcome of the bankruptcy proceeding. For example, we have not been provided with any notice from the Bankruptcy Court that any orders of this court would be subject to husband's bankruptcy discharge.[2]

Wife concedes in her reply that her claim for attorney fees incurred prior to the bankruptcy petition, in the amount of $720, were "arguably discharged in Appellant's bankruptcy." We treat that concession as an amendment to wife's petition and do not decide the dischargeability issue. Additionally, we discount from wife's petition the sum of $3,893 for fees not reasonably related to her appeal.

We therefore award wife attorney fees for 32.2 hours at the rate of $200 per hour for attorney Robert M. Hildum and 35.75 hours at the rate of $200 per hour for attorney John M. Petshow, for a total award of $13,590.

Petition for attorney fees allowed; wife awarded attorney fees in the amount of $13,590.

---

[2] We note, too, that even if husband had provided a sufficient record and we had clear jurisdiction, we still may not have decided in husband's favor. The federal Bankruptcy Code, 11 USC section 523(5), excepts from a bankruptcy discharge "domestic support obligations." Domestic support obligations are considered those debts owed to a former spouse for alimony to, maintenance for, or support of, the spouse. Most states regard attorney fees awarded to a spouse as akin to spousal support. *See Klass v. Klass*, 377 Md 13, 27, 831 A2d 1067 (2003). Some bankruptcy courts have concluded that the debt for such fees is nondischargable pursuant to 11 USC section 523. *See In re Whitehurst*, 10 BR 229, 230 (Bankr Fla 1981).