No. 376 June 5, 2024 69

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

James Daniel BOYD III,
*Petitioner-Respondent,*
*and*

Rosemary Ellen BOYD,
*Respondent-Appellant.*

Clackamas County Circuit Court
DR12030206; A176229

Thomas J. Rastetter, Judge.

Argued and submitted April 20, 2023.

Erica R. Tatoian argued the cause for appellant. Also on the opening brief was Harrang Long Gary Rudnick P. C. Also on the reply brief was Harrang Long P. C.

Andrew Walker Newsom argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Corrected supplemental judgment of attorney fees reversed and remanded for entry of a supplemental judgment excluding paragraph 7; otherwise affirmed.

## JACQUOT, J.

Mother appeals from a corrected supplemental judgment awarding father $75,000 in attorney fees following a proceeding to modify custody, parenting time, and child support. Mother raises five assignments of error, including a challenge to the trial court's decision to categorize the attorney fee judgment "as being in the nature of child support." For the reasons explained below, we conclude that the trial court erred by categorizing the attorney fee award in that way. However, we reject mother's other assignments of error. We therefore reverse the corrected supplemental judgment and remand for entry of a supplemental judgment that excludes the paragraph categorizing the attorney fee judgment as being in the nature of child support, but we otherwise affirm.

*Jurisdiction.* As an initial matter, we address whether we have jurisdiction. ORS 19.270(2)(a) provides that timely service of the notice of appeal on the parties is jurisdictional. ORS 19.500 states that documents shall be served in the manner provided by ORCP 9 B, which in turn provides that when a party is represented, the service shall be made on the party's attorney. Compliance with ORCP 9 B is a prerequisite for appellate court jurisdiction. *See J. A. H. v. Heikkila*, 355 Or 753, 756-58, 333 P3d 275 (2014) (reading ORS 19.270, ORS 19.500, and ORCP 9 B together to determine service requirements for purposes of conferring jurisdiction).

Here, the trial court entered the corrected supplemental judgment on May 3, 2021. Father's former attorney filed a notice of withdrawal on May 28, 2021, and he served it on mother by first class mail. Mother did not receive it until June 11. In the meantime, on June 2, mother filed her notice of appeal, and she mailed it to father's former attorney, but she did not mail it to father directly. The Appellate Commissioner issued an order to show cause why the case should not be dismissed for failure to timely serve the notice of appeal on father. After considering mother's declaration in response to the order to show cause, the Appellate Commissioner determined that we have jurisdiction, reasoning that mother did not receive the notice of withdrawal

until after she had filed and served the notice of appeal. The commissioner's order was without prejudice to father raising the jurisdictional question in his briefing.

Having considered the parties' arguments in their briefing, we agree with the Appellate Commissioner that we have jurisdiction. ORS 9.390 provides that when the attorney-client relationship is terminated, written notice of the termination "shall be given to the adverse party. Until the notice is given, the adverse party is bound to recognize the former attorney." Although neither party analyzes in any detail what it means for notice to be "given," ORS 9.390 indicates that the adverse party must continue to act in a certain way until that occurs. We understand that term to refer to the time when notice is received by the adverse party. *See Banerjee and Fiorillo*, 310 Or App 446, 451-52, 485 P3d 920, *rev den*, 368 Or 787 (2021) (focusing on when the adverse party received notice in discussing ORS 9.390). To conclude otherwise would promote gamesmanship whereby the notice of withdrawal could be utilized to deprive us of jurisdiction to hear an appeal. Because mother did not receive the notice of withdrawal until June 11, we conclude that she timely served her notice of appeal on June 2 by mailing it to father's former attorney. Therefore, we have jurisdiction. We turn to mother's assignments of error.

*Attorney Fees and Child Support.* In her second assignment of error, mother argues that the trial court erred by categorizing the attorney fee judgment as "being in the nature of child support." Father requested that language in the proposed supplemental judgment to make it more difficult for mother to obtain a discharge of her debt for attorney fees in any future federal bankruptcy proceeding. After hearing argument from the parties, the trial court struck some language from the proposed judgment, but kept paragraph 7, the paragraph that categorizes the attorney fee judgment "as being in the nature of child support."[1]

---

[1] Technically, the paragraph at issue is paragraph 6, because the trial court removed the preceding paragraph, which appears in the corrected supplemental judgment as a strikethrough. For the sake of clarity, we emphasize that when we refer to paragraph 7, we mean the one that categorizes the attorney fee judgment as being in the nature of child support.

Preliminarily, we reject father's suggestion that mother failed to preserve her argument in sufficient detail. On the merits, we conclude that the trial court erred when it categorized the attorney fee judgment as being in the nature of child support. We are not aware of any Oregon law authorizing the trial court to have done so, and the parties cite none. In *Jacobs and Jacobs*, 219 Or App 144, 147 n 2, 182 P3d 244 (2008), we observed in dicta that most states regard attorney fees "awarded to a spouse as akin to spousal support." But that case referred to spousal support, not child support.

An award of child support is intended to benefit the child. *See, e.g.*, ORS 25.275(2)(a) ("The child is entitled to benefit from the income of both parents to the same extent that the child would have benefited had the family unit remained intact or if there had been an intact family unit consisting of both parents and the child."). By contrast, a discretionary award of attorney fees, such as the one at issue here, is for the benefit of the other party. *See* ORS 107.135(8) ("[T]he court may assess against either party a reasonable attorney fee and costs for the benefit of the other party."); *see also* ORS 107.445 ("the court may render a judgment awarding to a party, or directly to the party's attorney, a sum of money" determined to be a reasonable attorney fee). Although in some broad or colloquial sense, anything that benefits a parent may also be said to benefit the parent's minor children, based on the distinct statutory schemes and criteria that apply to awards of reasonable attorney fees and child support, the trial court erred when it included language in the attorney fee judgment suggesting an equivalence between the two.

*The Trial Court's Reliance on ORS 20.075(1)(f).* In her third assignment of error, mother takes issue with the trial court's determination that ORS 20.075(1)(f) supported awarding attorney fees to father. Mother argues that the trial court failed to make express findings that she was objectively unreasonable in pursuing settlement and that, in any event, there was no evidence to support that conclusion. Assuming without deciding that mother preserved those arguments for appellate review, we are not persuaded that the trial court erred.

ORS 20.075(1)(f), which concerns "[t]he objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute," is one of several factors that the trial court relied upon in determining whether to award attorney fees to father. In support of its reliance on that factor, the trial court incorporated findings from the affidavit of father's attorney. Having reviewed that affidavit and the attached exhibits, as well as the evidence and arguments considered at the hearing on attorney fees, we conclude that the trial court did not err when it found that mother did not diligently or reasonably pursue settlement. For example, there were numerous delays in obtaining discovery from mother. Although we decline to describe the protracted nature of the proceedings below in detail, having reviewed the entire record, we reject mother's third assignment of error.

*Mother's Remaining Assignments of Error.* In her first assignment of error, mother argues that the trial court erred in awarding attorney fees because father failed to comply with ORCP 68 C(2).[2] In her fourth and fifth assignments, mother argues that the trial court erred by failing to consider and apply the mandatory factors for assessing the reasonableness of attorney fees under ORS 20.075(2), and she contends that the trial court's decision regarding reasonable attorney fees was not supported by substantial, competent evidence.

Mother acknowledges that her first, fourth, and fifth assignments of error were not preserved, and she requests plain-error review. An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

---

[2] ORCP 68 C(2)(a) provides that "[a] party seeking attorney fees shall allege the facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party." However, "[i]f a party does not file a pleading but instead files a motion or a response to a motion, a right to attorney fees shall be alleged in the party's motion or response, in similar form to the allegations required in a pleading." ORCP 68 C(2)(b).

Here, the claimed errors are not plain. The record indicates that father complied with ORCP 68 C(2)(b) by filing a motion for a new court hearing in November 2018 that included a request for attorney fees. It is not obvious or apparent on the face of the record that the trial court did not consider the ORS 20.075(2) factors when determining the amount of reasonable attorney fees. It is also not obvious that the affidavit of father's attorney, as well as the supporting exhibits, did not provide substantial, competent evidence to support the trial court's decision regarding the amount of attorney fees that was reasonable. We therefore reject mother's first, fourth, and fifth assignments of error.

Accordingly, we reverse the corrected supplemental judgment with instructions to remove paragraph 7, the paragraph that categorizes the attorney fee judgment as being in the nature of child support, but we otherwise affirm.[3]

Corrected supplemental judgment of attorney fees reversed and remanded for entry of a supplemental judgment excluding paragraph 7; otherwise affirmed.

---

[3] We offer no opinion on whether mother's debt for attorney fees to her ex-spouse is dischargeable in a federal bankruptcy proceeding.