In re Sa'ad EL–AMIN, Debtor.

**HIRSCHLER, FLEISCHER, WEINBERG, COX & ALLEN a Professional Corporation, Plaintiff,**

v.

**Sa'ad EL–AMIN, Defendant.**

**Bankruptcy No. 90–31491–T.**
**Adv. No. 90–3214–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

June 25, 1991.

William R. Baldwin, III, Andrew R. McRoberts, Hirschler, Fleischer, Weinberg, Cox & Allen, P.C., pro se.

Sa'ad El–Amin, El–Amin & Crawford, P.C., pro se.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

The plaintiff, a law firm, represented debtor's former spouse in divorce litigation in which two monetary judgments were entered against the debtor for attorney fees due plaintiff. This adversary proceeding arises under plaintiff's complaint for declaratory relief requesting this court to determine that the two judgments are in the nature of spousal support and therefore are excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). Trial was held on April 17, 1991, at which counsel for plaintiff and the debtor, both acting *pro se*, appeared and offered evidence and argument.

This court concludes that the attorney fee judgment entered on March 22, 1990, by the Circuit Court of the City of Richmond, Virginia, was in the nature of spousal support and is excepted from discharge;

however, the circuit court's judgment entered on January 12, 1989, is discharged.

### Facts

In 1987, the debtor's former spouse, Carolyn Adams, retained the law firm of Hirschler, Fleischer, Weinberg, Cox & Allen ("HFWCA" or "the firm") to represent her in divorce proceedings against the debtor. In the ensuing divorce case in the Circuit Court of the City of Richmond HFWCA provided legal services involving all issues associated with the divorce, including support and maintenance.

When the debtor failed to comply with an order of the circuit court, dated February 24, 1988, requiring him to pay support to Ms. Adams pending the divorce trial, her attorneys were required to litigate in Ms. Adams' behalf. As a result of the attorney's efforts, on January 12, 1989, the circuit court awarded arrearages in spousal support and maintenance and child support to Ms. Adams along with $500.00 for her attorney's fees.

HFWCA continued to represent Ms. Adams in the divorce case until the Fall of 1989 when the firm withdrew as her counsel. However, HFWCA continued to be involved in the case through Ms. Adams' new counsel; in fact, the firm later reentered the case and represented Ms. Adams at the final hearing in circuit court.

In its final decree of divorce entered March 22, 1990, the circuit court awarded Ms. Adams spousal support and maintenance and child support, in addition to an adjudication of divorce, equitable distribution, and other awards. HFWCA was awarded judgment of $30,000.00 and $7,274.00 as Ms. Adams' attorney's fees and court costs, respectively. These awards had been recommended in the report of commissioner in chancery ("commissioner") dated July 3, 1989.

While, initially, Ms. Adams also was liable for the fee award, after the final decree HFWCA entered an agreement with Ms. Adams in which HFWCA agreed to release Ms. Adams from liability for legal services performed with regard to the fees and costs recovered in the divorce proceeding.

The debtor filed a voluntary bankruptcy petition under chapter 7 on May 11, 1990; the case was converted to chapter 11 on June 15, 1990; on February 14, 1991, the case was converted back to chapter 7.

### Discussion And Conclusions

■ Debts to a spouse in the nature of alimony, maintenance, or support are excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). Awards of attorney fees and court costs in a debtor's divorce litigation may be non-dischargeable under 11 U.S.C. § 523(a)(5) if the awards are related to non-dischargeable spousal support. *Bulman v. Bulman (In re Bulman)*, 123 B.R. 24, 27 (Bankr.E.D.Va.1990). Federal law governs whether a debt is actually in the nature of alimony, maintenance, or support. *In re Bulman*, 123 B.R. at 26. The plaintiff has the burden of proving by a preponderance of the evidence that a debt should be excepted from discharge. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ In determining the nature of an award in divorce litigation, the trial court's intent must be considered, and the final decree may be weighed as evidence of that intent. *West v. West (In re West)*, 95 B.R. 395, 399–400 (Bankr.E.D.Va.1989). *See also Long v. West (In re Long)*, 794 F.2d 928, 931 (4th Cir.1986). Where the final decree follows a commissioner's report, that report also may be considered. *See Macys v. Macys (In re Macys)*, 115 B.R. 883, 893 (Bankr.E.D.Va.1990).

■ A fee award for services rendered in connection with both support and property settlement may be found to be in the nature of alimony, maintenance, or support and thus excepted from discharge. *In re Bulman*, 123 B.R. at 27. *See also Boggess v. Boggess (In re Boggess)*, 105 B.R. 470, 473 (Bankr.S.D.Ill.1989); *Amlong & Amlong v. Patrick (In re Patrick)*, 106 B.R. 743, 745 (Bankr.S.D.Fla.1989). "Bankruptcy courts have usually found that attorney fees awarded on a spouse's behalf are non-dischargeable support rather than property division." *Russo v. Wisniewski (In re Wis-*

*niewski)*, 109 B.R. 926, 930 (Bankr. E.D.Wis.1990).

■ Here the circuit court's final decree granted Ms. Adams awards for support and maintenance in addition to a property division. Neither the decree, nor any other evidence, suggests that it was the circuit court's intent that the attorney fees and court costs be construed as part of the property division. Moreover, the decree awarded HFWCA the same amount as proposed in the commissioner's report which, in part, was recommended "in light of the financial positions of both parties." Under the Virginia Code the financial needs of the parties may be considered for support and maintenance, but not for a property distribution. *See* Va.Code Ann. § 20–107.1 (Repl.Vol.1990) (court may consider the financial resources of the parties in awarding support and maintenance); Va.Code Ann. § 20–107.3(E) (Repl.Vol.1990) (no mention of the parties' financial needs as consideration for determination of ownership of property).

Accordingly, this court finds that the divorce court award of attorney fees and court costs was sufficiently related to the order of support and maintenance to justify a finding here that the award was in the nature of alimony, support, or maintenance.

■ The principal argument made by debtor before this court is that HFWCA's release of Ms. Adams from liability for the attorney fee and cost award also should release the debtor from any liability. In this argument, debtor cites *Eisen v. Linn (In re Linn)*, 38 B.R. 762 (Bankr. 9th Cir. BAP 1984), for the proposition that attorney fees must be an obligation of the debtor's former spouse before the fees can be excepted from discharge under 11 U.S.C. § 523(a)(5).

*In re Linn* involved a state court appointment of an attorney and a psychiatrist to represent a child's interest in a custody dispute between the child's parents. *In re Linn* at 762. Only the debtor, and never the debtor's former spouse or child, was liable for the fees incurred by these professionals. *Id.* at 763. Because the debtor's

former spouse or child were never liable for the debt, the court held that § 523(a)(5) did not apply. *Id.*

There is an important distinction between the facts in *Linn* and those in our case. Here, Ms. Adams was liable to HFWCA at the time the circuit court entered the final decree. This factual distinction is important because it is the circumstances at the time of the divorce, not the bankruptcy, which control. *In re Wisniewski*, 109 B.R. at 929.

The facts in *In re Wisniewski* are analogous to our present situation. In *Wisniewski* the bankruptcy court ruled that an attorney fee award to debtor's former spouse and her attorneys was for support, and thus was not excepted from discharge, even though the spouse's attorney subsequently had released the spouse from liability. *In re Wisniewski*, 109 B.R. at 931.

Because Adams was liable to HFWCA at the time of the circuit court's final decree, this court finds the award for $30,000.00 in attorney's fees and $7,274.00 in court costs is excepted from discharge under § 523(a)(5). HFWCA's later release of Adams from liability had no effect on debtor's continued liability for the judgment.

■ Regarding the earlier $500.00 attorney fee awarded by the circuit court, because this award was solely to Ms. Adams, HFWCA lacks standing to have the debt excepted from discharge. The court therefore finds that debtor's liability for this judgment is discharged. *See Macys v. Macys (In re Macys)*, 115 B.R. 883, 894 (Bankr.E.D.Va.1990); *Cooley v. Sposa (In re Sposa)*, 31 B.R. 307, 312 (Bankr.E.D.Va. 1983).

The court will enter an order reflecting the ruling of this opinion.