In re Jake Joseph MORELLO, Jr., Debtor.

D. Vance MARTIN, Plaintiff,

v.

Jake Joseph MORELLO, Jr., Defendant.

Bankruptcy No. 95–30180.
Adv. No. 95–3038.

United States Bankruptcy Court,
E.D. Tennessee.

Aug. 24, 1995.

Finkelstein, Kern, Steinberg & Cunningham, Ronald E. Cunningham, D. Vance Martin, Knoxville, TN, for plaintiff.

John P. Newton, Jr., Knoxville, TN, for defendant.

## MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR MOTION FOR JUDGMENT ON THE PLEADINGS

RICHARD S. STAIR, Jr., Chief Judge.

The Plaintiff, D. Vance Martin, served as the attorney for the debtor's ex-wife, Susan Morello, in a prepetition state court divorce proceeding styled *Susan N. Morello v. Jake Joseph Morello, Jr.,* No. 61022. Following the debtor's commencement of his Chapter 7

bankruptcy case on January 25, 1995, the Plaintiff initiated this adversary proceeding on March 15, 1995, seeking a determination of dischargeability, pursuant to 11 U.S.C.A. § 523(a)(5) (West 1993), of attorney fees awarded during the divorce proceeding by the Fourth Circuit Court for Knox County, Tennessee. The Plaintiff also seeks recovery of attorney fees and costs associated with this adversary proceeding.

The court presently has before it a Motion for Summary Judgment and/or Motion for Judgment on the Pleadings (Motion) filed by the debtor on June 15, 1995, pursuant to Fed.R.Civ.P. 12(c) and 56(b), as incorporated into Fed.R.Bankr.P. 7012(b) and 7056, together with a supporting brief. A copy of the Fourth Circuit Court's Memorandum Opinion issued on September 14, 1994, in the *Morello v. Morello* divorce proceeding is affixed as an exhibit to the Plaintiff's Complaint, and a copy of the Final Judgment of Divorce entered October 21, 1994, was filed with the court, by agreement, during the pretrial conference held on June 22, 1995. The Plaintiff filed his Reply Brief to Motion for Summary Judgment on June 27, 1995.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(I) (West 1993).

## I

Federal R.Civ.P. 12(c), made applicable to this adversary proceeding through Fed. R.Bankr.P. 7012(b), provides:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Pleadings are closed, pursuant to Fed. R.Civ.P. 7(a), incorporated into Fed. R.Bankr.P. 7007, once a complaint and answer have been filed, "unless a counterclaim, crossclaim, or third-party claim is interposed, in which event the filing of a reply, cross-

claim answer, or third-party answer normally will mark the close of the pleadings." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (2d ed. 1990 & Supp.1995). In this case, the Defendant has not yet filed an answer; therefore, the court need only address his Motion as one for summary judgment. *See id.*

Pursuant to Fed.R.Civ.P. 56(c), made applicable to this adversary proceeding through Fed.R.Bankr.P. 7056, summary judgment is available only when a party is entitled to a judgment as a matter of law and when, after consideration of the evidence presented by the pleadings, affidavits, answers to interrogatories, and depositions in a light most favorable to the nonmoving party, there remain no genuine issues of material fact. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. The factual dispute must be genuine. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989).

## II

The Defendant asserts in his summary judgment motion that Susan Morello, rather than Plaintiff Vance Martin, was awarded attorney fees by the state court; therefore, judgment for the Defendant is proper because Bankruptcy Code § 523(a)(5)(B) "require[s] the Plaintiff herein to be a spouse or former spouse of the Debtor." Alternatively, the Defendant asserts that Vance Martin "is not the proper party in interest."

The record in this adversary proceeding establishes that an award of attorney fees was granted against debtor Jake Morello by the Fourth Circuit Court for Knox County, Tennessee, pursuant to a Final Judgment of Divorce entered on October 21, 1994. The Final Judgment of Divorce provides at paragraph seventeen: "Counsel for the mother is awarded an attorney's fee in an amount agreed upon, or as can be argued under local rules on a motion day." Judge Swann designated the award as "spousal support" on

page fourteen of his Memorandum Opinion, which provides in material part:

There are three—four instances of spousal support; three are rehabilitative and the fourth is an attorney fee. An attorney fee was pled for, it is deserved, it should be pronounced, and it will be in some amount for wife's counsel; in an amount agreed upon or as can be argued under local rules on [a] motion day.

Neither the Final Judgment nor Memorandum Opinion expressly order that the attorney fees be paid by the debtor directly to Mr. Martin, and Mr. Martin was not a named party to the divorce proceeding or the Final Judgment of Divorce. On the other hand, the Final Judgment and Memorandum Opinion do not expressly order the debtor to pay the fees directly to the former spouse.

The Sixth Circuit Court of Appeals has determined that an attorney does not have standing to seek a determination of dischargeability of a fee award made to a debtor's former spouse. *O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears v. Perlin (In re Perlin)*, 30 F.3d 39 (6th Cir.1994). In *Perlin*, the court noted that the debtor and his former spouse

were the only parties to the divorce proceeding. The divorce decree affects only the relations between the debtor and his former spouse. The judgment ordering Perlin to pay his former spouse's attorney fees was rendered in her name, not the plaintiffs'.... Of course, the judge in the divorce proceedings did not order the fees paid directly to the attorney, and therein lies the difficulty: under Arizona law, the plaintiffs have no legal right to enforce a judgment issued in the name of their client.

*Id.* at 41–42. The Arizona law relied on in *Perlin* provides in material part: " 'The court may order all such amounts paid directly to the attorney, who may enforce the order in his name with the same force and effect, and in the same manner, as if the order had been made on behalf of any party to the action.' " *Id.* at 42 (quoting Ariz.Rev.Stat.Ann. § 25–324).

The parties have not cited the court to any similar Tennessee statute. However, the Tennessee Court of Appeals has stated that

the court is authorized to and will grant to the wife *additional alimony* for the purpose of enabling her to pay her attorney. In practice such "additional alimony" is frequently designated simply as fee to be paid to the wife's counsel; but the justification and principle are the same, i.e. that money ordered to be paid by the husband to the wife's attorney is additional alimony allowed to the wife.

*Palmer v. Palmer*, 562 S.W.2d 833, 839 (Tenn.Ct.App.1977), *cert. denied*, (Tenn. 1978).

The *Perlin* court also noted that in numerous cases, courts have permitted "an attorney to contest the dischargeability of an obligation to pay attorney fees arising from a divorce proceeding." 30 F.3d at 42. These cases, which were distinguishable from the facts presented to the Sixth Circuit in *Perlin*, were summarized as follows:

In *In re Spong*, 661 F.2d 6 (2d Cir.1981), the Second Circuit allowed an attorney to file a complaint raising the issue of whether a debt for legal services rendered to a debtor's former spouse in connection with a divorce proceeding qualifies as a support payment. In *Spong*, however, the debtor agreed to pay his former spouse's attorney fees in a "stipulation of settlement," a contract. *Id.* at 10. The Second Circuit held that the attorney was a third party beneficiary under the contract and had a right to sue in his own name to enforce the debtor's obligation. In *In re Silansky*, 897 F.2d 743 (4th Cir.1990), the Fourth Circuit held that a divorce decree ordering the debtor to pay his former spouse's attorney fees incurred in their divorce was not affected by the former spouse's subsequent bankruptcy. However, the divorce decree ordered the debtor to pay the fees directly to the attorney, not to the former spouse, and ostensibly the attorney could himself enforce that judgment. *Id.* at 744....

The cases decided by the bankruptcy court cited by the plaintiffs are equally unpersuasive. In each of those cases, either the fee award was in the attorney's

name, *In re Brenegan,* 123 B.R. 12 (Bankr. D.Del.1990); *In re Wisniewski,* 109 B.R. 926 (Bankr.E.D.Wis.1990), the award was in the former spouse's name and the former spouse was asserting the right to payment, *In re Schwartz,* 53 B.R. 407 (Bankr. S.D.N.Y.1985), or the standing issue was not addressed and it was not apparent in whose name the fee award was ordered, *In re Patrick,* 106 B.R. 743 (Bankr.S.D.Fla. 1989). As the district court [in *Perlin* ] observed, ... there is ample authority supporting the proposition that an attorney does not have standing to file a complaint on the issue of the dischargeability of an award of attorney fees made directly to a former spouse as a result of a divorce proceeding. *See, e.g., In re Macys,* 115 B.R. 883 (Bankr.E.D.Va.1990); *In re Sposa,* 31 B.R. 307 (Bankr.E.D.Va.1983); *In re Duckson,* 13 B.R. 373 (Bankr.S.D.Ohio 1981); *In re Fontaine,* 10 B.R. 175 (Bankr. D.R.I.1981).

*Perlin,* 30 F.3d at 42; *see also Hirschler, Fleischer, Weinberg, Cox & Allen v. El–Amin (In re El–Amin),* 145 B.R. 836 (Bankr. E.D.Va.1991) (permitting law firm to challenge dischargeability of attorney fees awarded in the final decree of divorce to the firm, as opposed to the former spouse); *cf. Macys,* 115 B.R. at 894 (dismissing attorney's complaint that challenged dischargeability of fee award made to debtor's former spouse, based on *Sposa,* 31 B.R. at 312, which concluded, "Where an attorney sues to recover fees awarded his client, he must sue on behalf of the party awarded the fees. However, when fees are awarded [and ordered payable] directly to the attorney, the attorney has standing to prosecute the claim without joining his client, as a party plaintiff." (citations omitted)).

For purposes of ruling on the debtor's Motion, the record before the court clearly establishes that "[c]ounsel for the mother [was] awarded an attorney's fee" in the Final Judgment of Divorce. Such an award made directly to the attorney is common according to the Tennessee Court of Appeals. *See Palmer,* 562 S.W.2d at 839. Furthermore, the debtor has failed to provide legal authority to support a finding that the state court's designation in the Memorandum Opinion that the award would be in the form of "spousal support" precludes a finding that the attorney fees were awarded to D. Vance Martin instead of Susan Morello. In fact, numerous cases are to the contrary. *See, e.g., El–Amin,* 145 B.R. at 838–39 (finding that award of fees to debtor's former spouse's attorney was in the nature of alimony, support, and maintenance); *A.A. Legal Clinic, Ltd. v. Wells (In re Wells),* 8 B.R. 189, 191–92 (Bankr.N.D.Ill.1981) (same).

Accordingly, the court finds that the Plaintiff is the direct recipient of the attorney fees awarded by the Fourth Circuit Court and, therefore, has "standing to file a complaint on the [§ 523(a)(5) ] issue of the dischargeability of an award of attorney fees made directly to [the attorney] ... as a result of a divorce proceeding." *Perlin,* 30 F.3d at 42.[1]

### III

The Defendant also argues in his brief that the application of § 523(a)(5) is limited to "a debt to the former spouse or child which would not include an ex-spouse's attorney such as the Plaintiff in this case," but provides no authority, other than Code § 523(a)(5), to support his contention. Section 523(a)(5) provides:

1. The exception provided for in section 304 of the Bankruptcy Reform Act of 1994, codified at 11 U.S.C.A. § 523(a)(15) (West Supp.1995), "applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation." H.R.Rep. No. 835, 103d Cong., 2d Sess. 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3364; *see infra* note 3. A similar comment regarding § 523(a)(5) was made by Congress when it enacted the Bankruptcy Reform Act of 1978. *See*

H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6320 (This section "will apply to make nondischargeable only alimony, maintenance, or support owed directly to a spouse or dependent."). However, numerous courts have rejected a strict interpretation of the 1978 legislative comment, in light of additional statements made by Congress. *See Pauley v. Spong (In re Spong),* 661 F.2d 6, 9–10 (2d Cir.1981); *Miller v. Gentry (In re Miller),* 55 F.3d 1487, 1489–90 (10th Cir.1995), and cases cited therein.

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>
> > (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise [2] ...; or
> >
> > (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]

11 U.S.C.A. § 523(a)(5) (West 1993).

Numerous courts have held that attorney fees, designated as alimony, but awarded and payable directly to an attorney, are nondischargeable. The Tenth Circuit Court of Appeals, based on the conclusion that the emphasis in § 523(a)(5) proceedings should be on whether a debt is in the nature of support rather than on the identity of the payee, recently held that professional fees incurred in divorce and child custody proceedings can be determined nondischargeable regardless of whether the fees are ordered payable directly to the professional. *Miller v. Gentry (In re Miller)*, 55 F.3d 1487, 1490 (10th Cir. 1995). *But see Ricci v. Simmons (In re Simmons)*, 179 B.R. 645, 646 (Bankr.E.D.Mo. 1995) ("The clear language of the statute requires that the debt be *to* a spouse, former spouse or child of a debtor. This unambiguous language was not changed by the Amendments to the Bankruptcy Code in the Bankruptcy Reform Act of 1994.").

The Tenth Circuit, in deciding *Miller*, followed the Second Circuit Court of Appeals' *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir.1981), decision which held, based on an exhaustive analysis of § 523(a)(5), that attorney fees payable by the debtor to his ex-spouse's attorney were nondischargeable, because "it would be exalting form over substance to fail to treat [the debtor's] agreement to pay his wife's counsel fee as a 'debt ... to a spouse ... for alimony ... [,] maintenance ..., or support.'" *Id.* at 11 (quoting § 523(a)(5)). Numerous courts have adopted a holding similar to that of the Second and Tenth Circuits. See cases cited in *Miller*, 55 F.3d at 1490.

The Sixth Circuit Court of Appeals, in determining whether debts arising from a debtor's agreement to hold a former spouse harmless as part of a marriage separation agreement are nondischargeable under § 523(a)(5), has held "that payments in the nature of support need not be made directly to the spouse or dependent to be nondischargeable." *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1106–07 & n. 4 (6th Cir.1983). Furthermore, the Bankruptcy Reform Act of 1994 did not alter the widely accepted interpretation of § 523(a)(5) that a debt can be deemed nondischargeable regardless of whether payments will be made directly to the spouse or child. Instead, the protection provided to spouses and children was broadened with the addition of 11 U.S.C.A. § 523(a)(15) (West Supp.1995).³

---

**2.** The Defendant has not argued that the debt is dischargeable because it has been assigned to his ex-wife's attorney, and such an argument would be inconsistent with the legislative history and courts' interpretation of § 523(a)(5)(A). *See Spong*, 661 F.2d at 10–11, and authority cited therein; *Brown v. Brown (In re Brown)*, 177 B.R. 116, 119 (Bankr.M.D.Fla.1994); *Overton v. Horner (In re Horner)*, 125 B.R. 458, 463–65 (Bankr. W.D.Pa.1991).

**3.** Section 523(a)(15) excepts a debt from discharge that is

not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

See H.R.Rep. No. 835, 103d Cong., 2d Sess. 54–55, *reprinted in* 1994 U.S.C.C.A.N. 3340, 3363–64.

The Tenth Circuit's interpretation of § 523(a)(5), which this court adopts, is contrary to the Defendant's assertion that the statute should be narrowly interpreted to only apply to a debt directly payable to the former spouse or child. Accordingly, the Defendant's Motion for Summary Judgment and/or Motion for Judgment on the Pleadings, with one exception, will be denied.

 Notwithstanding that the Defendant failed to assert in his brief filed in support of his summary judgment motion that the Plaintiff is not entitled to the recovery of attorney fees associated with his prosecution of the present adversary proceeding, the court is of the opinion that the Plaintiff's Complaint must be dismissed on this issue as a matter of law. In addition to seeking a determination that the attorney fees awarded him by the Fourth Circuit Court are nondischargeable, the Plaintiff also seeks attorney fees incurred in prosecuting the present action. However, he cites no authority in support of this claim.

The relevant section of the Tennessee Code, section 36–5–103(c), provides:

> (c) The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn.Code Ann. § 36–5–103(c) (Supp.1994).

By its terms, section 36–5–103(c) permits an award of "attorney fees incurred in enforcing any decree for alimony and/or child support, ... which fees may be fixed and allowed by the court, before whom such action or proceeding is pending." The decree for alimony and child support was rendered by the state court, not the bankruptcy court. Section 36–5–103(c) permits the state court rendering the alimony and child support decree to award attorney fees incurred in enforcing that decree since it is that court "before whom such action or proceeding is pending." This court does not construe section 36–5–103(c) as authorizing the bankruptcy court to award attorney fees incurred in a nondischargeability action. *See Smith v. Barbre (In re Barbre),* 91 B.R. 846, 847–49 (Bankr.S.D.Ill.1988) (absent authorization under the Bankruptcy Code, child support obligee not entitled to award of attorney fees in dischargeability proceeding even though under state law such fees could be awarded in state proceeding to enforce the judgment of support).

 In the absence of a contractual or statutory entitlement to attorney fees, this court has no discretion to award attorney fees. *Tiedel v. Northwestern Mich. College,* 865 F.2d 88, 91–94 (6th Cir.1988); *Martin v. Bank of Germantown (In re Martin),* 761 F.2d 1163, 1167–68 (6th Cir.1985).

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]