UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-2185

ROBERT D. MACY,

Plaintiff - Appellant,

v.

ANNA LOWELL MACY,

Defendant - Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]



Before

Torruella, Chief Judge,

Selya, Circuit Judge,

and Saris,* District Judge.



James F. Coffey, with whom Carolyn A. Bankowski and Coffey &
Shea were on brief for appellant.
Mark G. DeGiacomo, with whom Barbara J. Kroncke and Roche,
Carens & DeGiacomo, P.C. were on brief for appellee.



May 23, 1997


* Of the District of Massachusetts, sitting by designation.

TORRUELLA, Chief Judge.

R

Anna Lowell Macy, the debtor's ex-spouse, brought an action under

and (a)(15),2 seeking a ruling that the 7 of the Bankruptcy Code on October 31, 1994. On March 17, 1995, U.S.C. SS 523(a)(5)1

A discharge under section 727 . . . The debtor in this case, obert  D.  Macy,  filed  a  voluntary bankruptcy petition under Chapter 11 1 Section 523(a)(5) provides, in relevant part: 
not discharge an individual debtor
from any debt--
. . . does (a)
(5) to a spouse, former spouse, or
child  of  the  debtor, for alimony to,
maintenance for, or support of such
spouse or child, in connection with
a separation agreement, divorce
decree or other order of a court of
record, determination made in
accordance  with State or territorial
law by a governmental unit, or
property settlement agreement, but
not to the extent that --
. . . 
(B) such debt includes a liability
designated as alimony, maintenance,
or  support,  unless such liability is
actually in the nature of alimony,
maintenance, or support.

11 U.S.C. S 523(a)(5).

2 Section 523(a)(15) provides, in relevant part:

(a) A discharge under section 727 . . .
does not discharge an individual debtor
from any debt -- 
. . .
(15) not of the kind described in
paragraph (5) that is incurred by
the debtor in the course of a
divorce or separation or in
connection with a separation
agreement, divorce decree or other
order of a court of record. . . .

11 U.S.C. S 523(a)(15).

-2-

payments required by the parties' separation agreement were

nondischargeable. At trial it was agreed "that no issues of fact

remain in dispute and the only issue before the court is the

dischargeabil ity of $33,706.98 in pre-petition attorneys' fees and

disbursements." In re Macy, 192 B.R. 802, 803 (Bankr. D. Mass.

1996). The plaintiff filed her action within the time prescribed

for 11 U.S.C. S 523(a)(5), but beyond the somewhat shorter period

prescribed for 11 U.S.C. S 523(a)(15). The parties have agreed

throughout the litigation, therefore, that if the debt is not of

the kind described in 11 U.S.C. S 523(a)(5), but falls instead

under section 523(a)(15), then it is dischargeable.

The bankruptcy court held that the attorneys' fees and

disbursements incurred in connection with the plaintiff's efforts

to collect alimony, maintenance, or child support are governed by

section  523(a)(5) of the Bankruptcy Code and, on the facts of this

case,  are  not dischargeable. Macy, 192 B.R. at 806. On appeal to

the  United  States  District Court for the District of Massachusetts,

the decision was affirmed. The debtor-appellant now appeals to

this  court.   The only issue on appeal is whether section 523(a)(5)

or section 525(a)(15) furnishes a vehicle for testing the non-

dischargeabil ity of attorneys' fees incurred by a former spouse in

an effort to enforce payments required by a divorce decree.

Holding that attorneys' fees incurred by a former spouse in the

course of seeking to enforce support-related payments required by

a divorce decree are properly nondischargeable under 11 U.S.C.

S 523(a)(5), we affirm.

-3-

We find that the reasoning of the decisions below is

sound,  and  affirm for substantially the reasons put forth therein.

See Macy v. Macy, 200 B.R. 467, 468-69 (Bankr. D. Mass. 1996); In

re Macy, 192 B.R. at 802-03. See generally Lawton v. State Mut.

Life Assurance Co., 101 F.3d 218, 220 (1st Cir. 1996) ("[W]hen a

lower court produces a comprehensive, well-reasoned decision, an

appellate court should refrain from writing at length to no other

end than to hear its own words resonate"). We add only the

following brief discussion.

The foundation of appellant's argument is that the

Bankruptcy  Reform Act of 1994, Pub. L. No. 103-394, 108 Stat. 4106

(1994), by adding section 523(a)(15), has impliedly amended the

appropriate interpretation of section 523(a)(5), changing the way

in which attorneys' fees should be classified. By its terms,

section 523(a)(15) includes only debt that is "not of the kind

described  in  [section  523(a)](5)." Furthermore, it is not disputed

that prior to the enactment of the Bankruptcy Reform Act, fees of

the sort at issue were nondischargeable under section 523(a)(5).

See ,  e.g. ,  In  re  Coleman, 37 B.R. 120, 123 (Bankr. W.D. Wisc. 1984)

("There has been virtual unanimity among bankruptcy courts and

appellate courts . . . that attorney's fees incurred by a spouse

are nondischargeable so long as the primary debt is excepted from

discharge.") The question, therefore, is whether the Bankruptcy

Reform Act had the effect of removing attorneys' fees of the sort

at issue here from the reach of section 523(a)(5).

-4-

A  review  of  existing  case law and the legislative history

of section 523(a)(15) leads us to the conclusion that attorneys'

fees continue to be governed by section 523(a)(5). There is a

strong policy interest in protecting ex-spouses and children from

the loss of alimony, support and maintenance owed by a debtor who

has  filed  for  bankruptcy. See Shine v. Shine, 802 F.2d 583, 585-88

(1st Cir. 1986). This policy is emphasized in the legislative

history of section 523(a)(15), which reads:

This section is intended to provide
greater protection for alimony,
maintenance,  and support obligations owing
to a spouse, former spouse, or child of a
debtor in bankruptcy. . . .

[Section 523(a)(15)] adds a new
exception  to  discharge for some debts that
are not in the nature of alimony,
maintenance or support. In some
instances, divorcing spouses have agreed
to  make  payments of marital debts, holding
the other spouse harmless from those
debts, in exchange for a reduction in
alimony  payments. In other cases, spouses
have agreed to lower alimony based on a
larger  property settlement. If such "hold
harmless" and property settlement
obligations are not found to be in the
nature of alimony, maintenance, or
support, they are dischargeable under
current  law.  The non-debtor spouse may be
saddled with substantial debt and little
or no alimony or support. This section
will make such obligations
nondischargeable. . . .

H.R. Rep. No. 103-835 at S 304 (1994). This legislative history

demonstrates that Congress sought to apply section 523(a)(15) to

debts that had previously been construed as property obligations.

See, e.g., In re Kritt, 190 B.R. 382, 385 n.4 (9th Cir. B.A.P.

1995) ("Section 523 has subsequently been amended to add a new

-5-

section 523(a)(15), which provides that property settlements are

now generally nondischargeable in bankruptcy.") There is no

indication that Congress intended to affect the liberal

interpretation of section 523(a)(5). It follows, then, that

Congress did not intend to apply section 523(a)(15) to debts that

were, prior to the Bankruptcy Reform Act, considered to be non-

dischargeable under section 523(a)(5).

Affirmed.

-6-