*2
 
 TORRUELLA, Chief Judge.
 

 The debtor in this case, Robert D. Macy, filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code on October 31, 1994. On March 17, 1995, Anna Lowell Macy, the debtor’s ex-spouse, brought an action under 11 U.S.C. §§ 523(a)(5)
 
 [1]
 
 and (a)(15),
 
 [2]
 
 seeking a ruling that the payments required by the parties’ separation agreement were nondischargeable. At trial it was agreed “that no issues of fact remain in dispute and the only issue before the court is the dischargeability of $33,706.98 in pre-petition attorneys’ fees and disbursements.”
 
 In re Macy,
 
 192 B.R. 802, 803 (Bankr.D.Mass. 1996). The plaintiff filed her action within the time prescribed for 11 U.S.C. § 523(a)(5), but beyond the somewhat shorter period prescribed for 11 U.S.C. § 523(a)(15). The parties have agreed throughout the litigation, therefore, that if the debt is not of the kind described in 11 U.S.C. § 523(a)(5), but falls instead under section 523(a)(15), then it is dischargeable.
 

 The bankruptcy court held that the attorneys’ fees and disbursements incurred in connection with the plaintiffs efforts to collect alimony, maintenance, or child support are governed by section 523(a)(5) of the Bankruptcy Code and, on the facts of this ease, are not dischargeable.
 
 Macy,
 
 192 B.R. at 806. On appeal to the United States District Court for the District of Massachusetts, the decision was affirmed. The debtor-appellant now appeals to this court. The only issue on appeal is whether section 523(a)(5) or section 523(a)(15) furnishes a vehicle for testing the nondischargeability of attorneys’ fees incurred by a former spouse in an effort to enforce payments required by a divorce decree. Holding that attorneys’ fees incurred by a former spouse in the course of seeking to enforce support-related payments required by a divorce decree are properly nondischargeable under 11 U.S.C. § 523(a)(5), we
 
 affirm.
 

 We find that the reasoning of the decisions below is sound, and affirm for substantially the reasons put forth therein.
 
 See Macy v. Macy,
 
 200 B.R. 467, 468-69 (D.Mass.1996);
 
 In re Macy,
 
 192 B.R. at 802-03.
 
 See generally Lawton v. State Mut. Life Assurance Co.,
 
 101 F.3d 218, 220 (1st Cir. 1996) (“[W]hen a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate”). We add only the following brief discussion.
 

 The foundation of appellant’s argument is that the Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, 108 Stat. 4106 (1994), by adding section 523(a)(15), has impliedly amended the appropriate interpretation of section 523(a)(5), changing the way in which attorneys’ fees should be classified. By its terms, section 523(a)(15) includes only debt that is “not of the kind described in [section 523(a) ](5).” Furthermore, it is not disputed that prior to the enactment of the Bankruptcy Reform Act, fees of the sort at issue were nondischargeable under section 523(a)(5).
 
 See, e.g., In re Coleman,
 
 37 B.R. 120, 123 (Bankr.W.D.Wis.1984) (“There has been virtual unanimity among bankruptcy courts and appellate courts ... that attorney’s fees incurred by a spouse are nondis
 
 *3
 
 chargeable so long as the primary debt is excepted from discharge.”) The question, therefore, is whether the Bankruptcy Reform Act had the effect of removing attorneys’ fees of the sort at issue here from the reach of section 523(a)(5).
 

 A review of existing case law and the legislative history of section 523(a)(15) leads us to the conclusion that attorneys’ fees continue to be governed by section 523(a)(5). There is a strong policy interest in protecting ex-spouses and children from the loss of alimony, support and maintenance owed by a debtor who has filed for bankruptcy.
 
 See Shine v. Shine,
 
 802 F.2d 583, 585-88 (1st Cir.1986). This policy is emphasized in the legislative history of section 523(a)(15), which reads:
 

 This section is intended to provide greater protection for alimony, maintenance, and support obligations owing to a spouse, former spouse, or child of a debtor in bankruptcy....
 

 [Section 523(a)(15) ] adds a new exception to discharge for some debts that are not in the nature of alimony, maintenance or support. In some instances, divorcing spouses have agreed to make payments of marital debts, holding the other spouse harmless from those debts, in exchange for a reduction in alimony payments. In other cases, spouses have agreed to lower alimony based on a larger property settlement. If such “hold harmless” and property settlement obligations are not found to be in the nature of alimony, maintenance, or support, they are dischargeable under current law. The non-debtor spouse may be saddled with substantial debt and little or no alimony or support. This section will make such obligations nondischargeable ____
 

 H.R.Rep. No. 103-835 at § 304 p. 54, 1994 U.S.Code Cong. & Admin.News at pp. 3340, 3363. This legislative history demonstrates that Congress sought to apply section 523(a)(15) to debts that had previously been construed as property obligations.
 
 See, e.g., In re Kritt,
 
 190 B.R. 382, 385 n. 4 (9th Cir. BAP 1995) (“Section 523 has subsequently been amended to add a new section 523(a)(15), which provides that property settlements are now generally nondischargeable in bankruptcy.”) There is no indication that Congress intended to affect the liberal interpretation of section 523(a)(5). It follows, then, that Congress did not intend to apply section 523(a)(15) to debts that were, prior to the Bankruptcy Reform Act, considered to be nondischargeable under section 523(a)(5).
 

 Affirmed.
 

 [1]
 

 . Section 523(a)(5) provides, in relevant part:
 

 (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—
 

 (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or properly settlement agreement, but not to the extent that — ■
 

 (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.
 

 11 U.S.C. § 523(a)(5).
 

 [2]
 

 . Section 523(a)(15) provides, in relevant part:
 

 (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—
 

 (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record....
 

 11 U.S.C. § 523(a)(15).